Eric D. Houser (SBN 130079)
Nicole M. Johnson (SBN 258453)
HOUSER & ALLISON
A Professional Corporation
3780 Kilroy Airport Way, Suite 130
Long Beach, California 90806
Telephone:  (562) 256-1674
Facsimile:   (562) 256-1685
E-Mail:  njohnson@houser-law.com

Attorneys for Defendant, Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERITXELL NEGRE,<br><br>                Plaintiff,<br><br>        v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; OCWEN LOAN SERVICING, LLC; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.: 5:14-cv-01978-MMM-KK<br><br>Hon.:  Margaret M. Morrow<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

**OCWEN LOAN SERVICING, LLC'S ANSWER TO COMPLAINT**

# ANSWER

For its answer to Plaintiff's Complaint, Defendant Ocwen Loan Servicing, LLC ("Ocwen") admits, denies, and affirmatively alleges as follows:

## I.    INTRODUCTION

1. In response to Paragraph 1, Ocwen admits that this is an action for damages brought by plaintiff under 15 USC §1681 et seq., the Fair Credit Reporting Act, and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.1 et seq. but denies all other allegations contained therein.

## II.    PARTIES

2. In response to Paragraph 2, the allegations contained within regard a party other than Ocwen, and therefore do not require a response from Ocwen.  To the extent a response is required, Ocwen lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies the same.

3. In response to Paragraph 3, the allegations contained within regard a party other than Ocwen, and therefore do not require a response from Ocwen.  To the extent a response is required, Ocwen lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies the same.

4. In response to Paragraph 4, the allegations contained within regard a party other than Ocwen, and therefore do not require a response from Ocwen.  To the extent a response is required, Ocwen lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies the same.

5. In response to Paragraph 5, the allegations contained within regard a party other than Ocwen, and therefore do not require a response from Ocwen.  To the extent a response is required, Ocwen lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies the same.

6. In response to Paragraph 6, Ocwen denies that it is a corporation and admits it has an address of 1661 Worthington Road, Suite 100, West Palm Beach, FL

33409.  Ocwen admits that it does business in Riverside County, California. However, the Loan that is the subject matter of this lawsuit is secured by a property located at 26004 Brigadier Pl J, Damascus, Maryland.

7.  In response to Paragraph 7, the allegations contained within regard a party other than Ocwen, and therefore do not require a response from Ocwen.   To the extent a response is required, Ocwen lacks sufficient information to form a belief as to the truth of the allegations, and therefore denies the same.

8.  In response to Paragraph 8, the allegations contained within pertain to a legal conclusion to which no response is required.

### III.   FACTUAL ALLEGATIONS

9.  In response to Paragraph 9, Ocwen admits to the extent that in February of 2006 Plaintiff executed a note that was secured by a deed of trust recorded against the property located at 26004 Brigadier PL J, Damascus Maryland. The lender for that loan was Fremont Investment & Loan and it was for the amount of $41,400.00.

10. In response to Paragraph 10, Ocwen admits to the extent that Ocwen serviced the note and deed of trust referenced above from approximately August 2006 through June 2010 and again from November 2011 to the present.

11. In response to Paragraph 11, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

12. In response to Paragraph 12, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

13. In response to Paragraph 13, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

14. In response to Paragraph 14, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

///

15. In response to Paragraph 15, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

16. In response to Paragraph 16, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

17. In response to Paragraph 17, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

18. In response to Paragraph 18, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

19. In response to Paragraph 19, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent this Paragraph relates to the other defendants, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore, denies the same.

20. In response to Paragraph 20, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent this Paragraph relates to the other defendants, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore, denies the same.

21. In response to Paragraph 21, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

22. In response to Paragraph 22, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent a response may be required, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

### IV.    FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

23. In response to Paragraph 23, Ocwen incorporates by reference its responses to Paragraphs 1 through 22.

24. In response to Paragraph 24, the allegations contained within pertain to legal

conclusions to which no response is required.  To the extent this Paragraph relates to the other defendants, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore, denies the same.

25. In response to Paragraph 25, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent this Paragraph relates to the other defendants, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore, denies the same.

26. In response to Paragraph 26, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent a response may be required, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

27. In response to Paragraph 27, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent a response may be required, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

28. In response to Paragraph 28, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent a response may be required, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

29. In response to Paragraph 29, the allegations contained within pertain to legal conclusions to which no response is required.

30. In response to Paragraph 30, the allegations contained within pertain to legal conclusions to which no response is required.

## V.    SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

31. In response to Paragraph 31, Ocwen incorporates by reference its responses to Paragraphs 1 through 30.

---

**OCWEN LOAN SERVICING, LLC'S ANSWER TO COMPLAINT**

4

32. In response to Paragraph 32(a)-(d), the allegations contained within pertain to legal conclusions to which no response is required.  To the extent this Paragraph relates to the other defendants, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore, denies the same.

33. In response to Paragraph 33, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent a response may be required, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

34. In response to Paragraph 34, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent a response may be required, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

35. In response to Paragraph 35, the allegations contained within pertain to legal conclusions to which no response is required.  To the extent a response may be required, Ocwen lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

## **AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Ocwen alleges the following affirmative defenses to all claims made against Ocwen.

### **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. Plaintiff's Complaint fails to state a claim for relief against Ocwen.

### **SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

2. Plaintiff has failed to reasonably mitigate her alleged damages.

///

**THIRD AFFIRMATIVE DEFENSE**

(Superseding or Intervening Cause/Fault of Others)

3.    Any damages sustained by Plaintiff are the result of a superseding or intervening cause and/or the fault of another, and are not the fault of Ocwen.

**FOURTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

4.    Plaintiff's damages are the result of acts or omissions committed by Plaintiff of which Ocwen cannot be held responsible for.

**FIFTH AFFIRMATIVE DEFENSE**

(Standing)

5.    Plaintiff does not have standing to bring a cause of action against Ocwen under 15 USC §1681s-2(b).

**SIXTH AFFIRMATIVE DEFENSE**

(Real Party In Interest)

6.    Plaintiff is not the real party in interest for the claims alleged against Ocwen.

**SEVENTH AFFIRMATIVE DEFENSE**

(Private Right of Action)

7.    15 USC §1681s-2(b) does not allow for a private right of action under the circumstances and facts alleged by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

8.    Plaintiff's claim is time barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

(Accuracy of Reporting)

9.    To the extent any credit reporting was done by Ocwen, such reporting was true or substantially true.

///

**TENTH AFFIRMATIVE DEFENSE**

(Compliance/Good Faith)

10.      Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Ocwen acted in good faith and complied fully with the applicable requirements of 15 U.S.C. §1681.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Limited Liability Provision)

11.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §1681h(e).

**TWELFTH AFFIRMATIVE DEFENSE**

(Safe Harbor Provision)

12.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §1681s-2(F).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

13.      Plaintiff cannot recover punitive damages against Ocwen to the extent that the Complaint is devoid of facts sufficient to state a cause of action for punitive or exemplary damages.   Additionally, Plaintiff cannot recover punitive damages against Ocwen to the extent such an award would violate the United States Constitution and the Constitution of the State of California.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Affirmative Defenses)

14.      Discovery has not commenced in this case.   Ocwen reserves the right to assert additional affirmative defenses as appropriate.

///

///

///

WHEREFORE, Ocwen respectfully requests that this Court enter judgment for the following relief against Plaintiff:

1.      Dismissing Plaintiff's Complaint and any actions against Ocwen with prejudice;

2.      An award of Ocwen's costs and fees; and

3.      For such other and further relief that this Court deems appropriate.

Dated:  November 21, 2014                     HOUSER & ALLISON

A Professional Corporation

/s/ *Nicole M. Johnson*
Nicole M. Johnson
Attorneys for Defendant,
Ocwen Loan Servicing, LLC